IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **IDERIA WAYNE SMITH, 00607161,** ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 3:06-CV-0288-H |
| ) | ECF |
| **NATHANIEL QUARTERMAN, Director,** ) | |
| **Texas Dept. of Criminal Justice, Correctional** ) | |
| **Institutions Division,** ) | |
| Respondent. ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the United States Magistrate Judge pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the district court. The Findings, Conclusions and Recommendation of the Magistrate Judge are as follows:

**I. Background**

On January 17, 1992, Petitioner was convicted of two counts of aggravated robbery. Petitioner was sentenced to fifty years confinement in each case. His convictions and sentences were affirmed on direct appeal. *Smith v. State*, Nos. 05-92-00327-CR & No. 05-92-00328- CR (Tex. App.– Dallas, 1993, no pet.). Petitioner also challenged one of his robbery convictions in an application for state post- conviction relief. The application was denied without written order. *Ex parte Smith*, No. 34, 324-01 (Tex. Crim. App. Feb. 24, 1997). Almost four years later, Petitioner filed another state writ alleging that he was denied the opportunity to file a *pro se*

petition for discretionary review ("PDR").[1] The Texas Court of Criminal Appeals subsequently granted habeas relief and allowed petitioner to file an out-of-time PDR. *Ex parte Smith*, Nos. 74,601 & 74,602 (Tex. Crim. App. Mar. 26, 2003). Petitioner filed separate PDRs challenging his convictions on July 3, 2003.

On February 9, 2006, Petitioner filed this petition. He argues: (1) his right to due process was violated; (2) he is actually innocent; and (3) the prosecutor committed misconduct.

On March 27, 2006, the Court ordered Petitioner to show cause why this petition should not be dismissed as barred by the one-year statute of limitations. On April 26, 2006, Petitioner filed his response. Petitioner admits that his is barred by the statute of limitations, but argues he is entitled to equitable tolling of the limitations period. The Court now determines the petition is barred by limitations and should be dismissed.

## II. Discussion

### A. Statute of Limitations

Petitioner filed his § 2254 petition after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). Therefore, the AEDPA governs the present petition. *See Lindh v. Murphy*, 521 U.S. 320, 117 S. Ct. 2059, 2068, 138 L. Ed. 2d 481 (1997). The AEDPA establishes a one-year statute of limitations for federal habeas proceedings. *See* Antiterrorism and Effective Death Penalty Act, Pub.L. 104-132, 110 Stat. 1214 (1996).

In most cases, the limitations period begins to run when the judgment becomes final after

---

[1] While the state habeas petition was pending, Petitioner filed a federal petition for writ of habeas corpus. *Smith v. Cockrell,* NO. 3:03- CV-0216-K (N.D. Tex. Feb.3, 2004). The Court dismissed Petitioner's federal petition without prejudice for failure to exhaust state remedies.

**Findings, Conclusions and Recommendation**
**of the United States Magistrate Judge**     Page -2-

direct appeal or the time for seeking such review has expired. *See* 28 U.S.C. § 2244(d)(1)(A).[2] This period is tolled while a properly filed motion for state post-conviction relief or other collateral review is pending. *Id.* § 2244(d)(2).

Petitioner was convicted on January 17, 1992. On January 27, 1993, his conviction was affirmed. Petitioner did not file a petition for discretionary review. His conviction therefore became final thirty days later, on February 26, 1993. *See* Tex. R. App. P. 68.2 (PDR must be filed within 30 days after court of appeals renders judgment or overrules motion for rehearing); *see also Roberts v. Cockrell*, 319 F.3d 690, 694-95 (5th Cir. 2003) (state conviction becomes final for limitations purposes when time for seeking further direct review expires, regardless of when mandate issues).

Petitioner's limitations-commencing event occurred prior to the enactment of the AEDPA. Petitioner was therefore entitled to a period of one-year from the AEDPA's effective

---

[2]The statute provides that the limitations period shall run from the latest of--

 (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking direct review;

 (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

 (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

 (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)

**Findings, Conclusions and Recommendation**
**of the United States Magistrate Judge** Page -3-

date to file his federal petition. *See Flanagan v. Johnson*, 154 F.3d 196, 200 (5th Cir. 1998). Thus, absent any tolling provision, Petitioner was required to file his § 2254 petition on or before April 24, 1997, to avoid being time-barred.

The filing of a state application for habeas corpus tolls the statute of limitations. *See* 28 U.S.C. § 2244 (d)(2). Petitioner's first state habeas application was denied on February 24, 1997. He did not file a second state application for habeas relief until 2001. This application was filed after the one-year state of limitations expired. It therefore did not toll the limitations period.

Petitioner's federal petition was due on or before April 24, 1997. He did not file his petition until February 9, 2006. His petition is therefore untimely.

**B. Equitable Tolling**

The one-year limitations period is subject to equitable tolling in "rare and exceptional cases." *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998); *see also Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir.1999) (asserting that courts must "examine each case on its facts to determine whether it presents sufficiently 'rare and exceptional circumstances' to justify equitable tolling" (quoting *Davis*, 158 F.3d at 811)). The Fifth Circuit has held that " '[e]quitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights.' " *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir.1999) (quoting *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir.1996)). Petitioner bears the burden of proof to show he is entitled to equitable tolling. *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000).

Petitioner states he is entitled to equitable tolling of the limitations period because his

petition is meritorious, and dismissing his petition would result in a miscarriage of justice. Petitioner, however, has not shown that he diligently pursued his habeas remedies. *See Coleman,* 184 F.3d at 402 (5th Cir. 1999). Further, actual innocence claims and/or ignorance of law do not support equitable tolling. *Felder v. Johnson*, 204 F.3d 168, 171-72 (5th Cir. 2000). Petitioner has failed to show rare and exceptional circumstances justifying equitable tolling in this case.

**RECOMMENDATION**:

The Court recommends that the petition for a writ of habeas corpus be dismissed with prejudice as barred by the one-year limitation period. *See* 28 U.S.C. §2244(d).

Signed this 2nd day of February, 2007.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**<u>NOTICE OF RIGHT TO OBJECT</u>**

The United States District Clerk shall serve a copy of these findings and recommendations on the parties. Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings and recommendations must file and serve written objections within ten (10) days after being served with a copy. A party filing objections must specifically identify those findings and recommendations to which objections are being made. The District Court need not consider frivolous, conclusory or general objections. The failure to file such written objections to these proposed findings and recommendations shall bar that party from a *de novo* determination by the district court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, the failure to file written objections to proposed findings and recommendations within ten (10) days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996)(en banc).